# Pawling, Appellant, *v.* Chalmers Motor Co.

*Judgments — Order opening judgment — Subsequent judgment for amount admitted to be due—Practice, Supreme Court—Appeal from order opening judgment—Quashing appeals.*

Where a judgment entered for want of a sufficient affidavit of defense was opened and judgment was thereafter taken for the amount admitted to be due in a supplemental affidavit of defense, and such judgment was satisfied "without prejudice to the rights of the plaintiff to proceed for the collection of the balance of the claim," plaintiff's remedy is to proceed for the collection of what

he still claims to be due from the defendant, and an appeal from an order opening the original judgment will be quashed.

Argued March 24, 1916.   Appeal, No. 394, Jan. T., 1914, by plaintiff, from order of C. P. No. 1, Philadelphia Co., Dec. T., 1913, No. 4831, making absolute defendant's rule to open judgment in case of George F. Pawling & Company, a Corporation, v. Chalmers Motor Company of Philadelphia, a Corporation.   Before BROWN, C. J., MESTREZAT, POTTER, MOSCHZISKER and FRAZER, JJ.   Appeal quashed.

Assumpsit upon oral and written agreements.

Petition to open a judgment.   Before PATTERSON, J.

The facts appear by the opinion of the Supreme Court.

The lower court opened the judgment.   Plaintiff appealed.

*Error assigned* was in making absolute the rule to open judgment.

*Owen J. Roberts,* with him *D. H. Solis-Cohen* and *S. D. Matlack,* for appellant.

*Edwin O. Lewis,* for appellee.

PER CURIAM, April 17, 1916:

This appeal is from an order of the court below, opening a judgment which it had entered for want of a sufficient affidavit of defense.   After the order to open had been made plaintiff took a rule for judgment for the amount admitted to be due in a supplemental affidavit of defense, and, this rule having been made absolute, judgment was entered against the defendant for $1,027.36. Subsequently it paid this, and, by a writing filed, the judgment was satisfied, without "prejudice to the right of plaintiff to proceed for the collection of the balance of claim."   This is the docket entry made at the instance of

plaintiff's attorney.  Having availed itself of this judgment, its appeal from the order opening the original judgment cannot be entertained.  Its remedy is to proceed for the collection of what it claims is still due by the defendant.  The motion to quash is allowed.

Appeal quashed.